```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

TYRONE JIMERSON,

        Petitioner,

vs.                        Case No. 3:16-cv-14-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

_____

## **ORDER**

Petitioner initiated this action by filing a pro se handwritten Petition (Doc. 1) pursuant to 28 U.S.C. § 2254 on January 4, 2016, pursuant to the mailbox rule.[1] He is proceeding on an Amended Petition (Doc. 4), filed on February 4, 2016, pursuant to the mailbox rule. He challenges a 2000 state court (Duval County) judgment of conviction for second degree murder. Respondents, in their Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 25),[2] contend that Petitioner failed to comply with the one-year limitation period set forth in 28 U.S.C.

---

[1] The Petition was filed with the Clerk on January 6, 2016; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (January 4, 2016). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

[2] The Court hereinafter refers to the exhibits contained in the Appendix (Doc. 25) submitted in support of the Response as "Ex."

§ 2244(d). Petitioner filed a Reply to Respondents' Motion to Dismiss Petition for Habeas Corpus (Reply) (Doc. 26). See Order (Doc. 16).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

>     not be counted toward any period of limitation
>     under this subsection.

28 U.S.C. § 2244(d).

Respondents provide a detailed procedural history of the state criminal case. Response at 1-5. The Court will provide a brief procedural history. On July 13, 1998, Petitioner was charged by information with one count of second degree murder. Ex. A. Thereafter, on July 16, 1998, he was charged by indictment with murder in the first degree (count one) and aggravated child abuse (count two). Ex. B. On April 6, 2000, Petitioner pled guilty to the lesser included offense in count one of second degree murder. Ex. D. He entered into a negotiated sentence of thirty-five years. Id. at 1. As part of the negotiated plea agreement, the state agreed to abandon prosecution of count two, the aggravated child abuse count. Id. Petitioner signed the plea form, stating: "I understood this plea of guilty form when my attorney read and explained it to me, and it is true and correct. Id. at 3. The form is signed by Petitioner's attorney. Id. Also of note, the form is signed by a witness, the Assistant State Attorney, and the circuit judge. Id. at 4.

The Court entered judgment on April 6, 2000, and Petitioner was sentenced to thirty-five years on count one, murder in the second degree, a lesser included offense. Ex. E. A direct appeal was not taken. Ex. F. Thus, his judgment became final thirty days later on Saturday, May 6, 2000. See Fla. R. App. P. 9.140(b)(3);

Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). Petitioner's one-year limitation period began to run on Monday, May 8, 2000, and ran until it expired on Tuesday, May 8, 2001.

Although Petitioner filed a Rule 3.850 motion for post conviction relief on August 20, 2012, Ex. G, this motion did not toll the federal one-year limitation period because it had already expired. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Petitioner filed other state post conviction motions and petitions after the expiration of the one-year limitation period,

but they too do not toll the one-year limitation period as it had already expired. Thus, this action was not timely filed.

Petitioner, in his Amended Petition at 10, and in his Reply at 3, argues that this Court's failure to address the merits of the Amended Petition would result in a fundamental miscarriage of justice.[3] To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1985)). This Court summarized the requirements to show gateway innocence:

> "An actual-innocence claim must be supported 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Milton v. Sec'y, Dep't of Corr., 347 Fed. Appx. 528, 530-31 (11th Cir. 2009) (quoting Schlup, 513 U.S. at 324, 115 S.Ct.

---

[3] Petitioner asserts that count two only exists on the plea form. Reply at 3. This contention has no merit. The indictment charged Petitioner with murder in the first degree (count one), and aggravated child abuse (count two). Ex. B. Pursuant to a negotiated plea agreement, Petitioner agreed to plead guilty to second degree murder, a lesser included offense of count one, and, in exchange, the state agreed to abandon the prosecution of count two. Ex. D. Additionally, as part of the agreement, Petitioner received a negotiated sentence of thirty-five years, with no minimum mandatory term. Id.

> 851). A "habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House, 547 U.S. at 538, 126 S.Ct. 2064. A court may also consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Id. at 537, 126 S.Ct. 2064 (quotation omitted).

Letemps v. Sec'y, Fla. Dep't of Corr., 114 F.Supp.3d 1216, 1221 (M.D. Fla. 2015).

Petitioner, however, points to no new evidence. Pursuant to Schlup and its progeny, Petitioner is required to offer new reliable evidence that was not available at the time of his trial. Petitioner has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

In conclusion, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition (Doc. 4) and the case are **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Amended Petition with prejudice and dismissing this case with prejudice.

3. If Petitioner appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of October, 2017.

BRIAN J. DAVIS
United States District Judge

---

[4] If Petitioner appeals the dismissal of the Amended Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability.

7

sa 10/24
c:
Tyrone Jimerson
Counsel of Record